**Manuel JAIMES–MENDOZA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–72479.**

United States Court of Appeals, Ninth Circuit.

Submitted May 25, 2010.*

Filed Nov. 3, 2011.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jonathan David Montag, Law Offices of Jonathan D. Montag, San Diego, CA, for Petitioner.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Lyle Davis Jentzer, Esquire, Oil, Holly Smith, Senior Litigation, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

### ORDER

Respondent's petition for panel rehearing is granted. The memorandum disposition filed on June 9, 2010, 382 Fed.Appx. 644, is withdrawn and a superseding memorandum disposition will be filed concurrently with this order.

### MEMORANDUM **

Manuel Jaimes–Mendoza, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals'

** This disposition is not appropriate for publication and is not precedent except as provid-

("BIA") order dismissing his appeal from an immigration judges' order denying his application for adjustment of status. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Nunez–Reyes v. Holder*, 646 F.3d 684, 688 (9th Cir.2011) (en banc), and we deny the petition for review.

The BIA correctly determined that Jaimes–Mendoza is inadmissible due to his conviction for being under the influence of cocaine pursuant to Cal. Health & Safety Code § 11550, despite his subsequent relief under Cal. Penal Code § 1203.4. *See Nunez–Reyes*, 646 F.3d at 695 (Federal First Offender Act exception not available for "under the influence" convictions); *Ramirez–Castro v. INS*, 287 F.3d 1172, 1174 (9th Cir.2002) (state expungement of a criminal conviction generally does not remove its immigration consequences).

**PETITION FOR REVIEW DENIED.**